475 S.E.2d 172

**Douglas GALLAPOO, Plaintiff,**

v.

**WAL–MART STORES, INC., an Arkansas Corporation; Phoenix Associates, Inc., a West Virginia Corporation; C & S Erectors, Inc., a Corporation; and A.M. Eagle Contracting, Inc., an Indiana Corporation, Defendants.**

No. 23151.

Supreme Court of Appeals of West Virginia.

Submitted May 2, 1996.

Decided July 19, 1996.

Ronald W. Kasserman, Seibert, Kasserman, Farnsworth, Gillenwater, Glauser, Richardson & Curtis, Wheeling, for Plaintiff.

Richard A. Hayhurst, Parkersburg, for Defendant Wal–Mart.

R. Kemp Morton, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, for Defendant Phoenix Associates.

F. Richard Hall, J. Michael Weber, Spilman, Thomas & Battle, Parkersburg, for Defendants C & S Erectors and A.M. Eagle Contracting.

RECHT, Justice:

In this certified case from the Circuit Court of Wood County, we are asked to address the right of an Indiana resident to bring a direct cause of action against his Indiana employer under West Virginia's deliberate intention statute. W. Va. Code 23–4–2(c)(2)(ii) (1994).[1]

The certified question and the trial court's answer is as follows:

> If an Indiana resident temporarily employed in West Virginia is injured in the course of and as a result of his temporary employment in West Virginia and thereafter has received workers' compensation benefits under Indiana Workers' Compensation law, can the Indiana resident maintain an action against his employer in West Virginia based upon the deliberate intention theory set out in [W. Va. Code § 23–4–2(c)(2)(ii)(A–E) ] or must Indiana law be applied to the Indiana resident's suit filed in West Virginia due to the language of W. Va. Code 23–2–1c(c)?

Answer of the court:

> [An] Indiana resident can maintain an action against his employer in West Virginia based upon the deliberate intention theory set out in [W. Va. Code 23–4–2(c)(2)(ii)(A–E) ] and that application of

---

1. W.Va.Code 23–4–2(c)(2)(ii) (1994) provides:

   (2) The immunity from suit provided under this section and under section six-a [§ 23–2–6a], article two of this chapter, may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention". This requirement may be satisfied only if:

   .    .    .    .    .

   (ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury, or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:
   (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
   (B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;
   (C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
   (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and
   (E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

Indiana law to said action is not required pursuant to [W. Va. Code 23–2–1c(c) ].

The response to this question touches directly upon the subject matter jurisdiction of the courts of this State to hear and resolve issues under West Virginia's Workers' Compensation Act between non-resident employees and their non-resident employers working in West Virginia, and is therefore a question subject to certification pursuant to W. Va. Code 58–5–2 (1967). Syllabus Point 3, *Bass v. Coltelli*, 192 W.Va. 516, 453 S.E.2d 350 (1994).

## I.

## FACTS

The plaintiff, Douglas Gallapoo, was injured on March 10, 1992, while working at a Wal–Mart construction site in Vienna, West Virginia, when he fell approximately seventeen feet from an unwelded joist, fracturing his arm and back. At the time of this accident, Mr. Gallapoo was an Indiana resident and the employer, C & S Erectors, was an Indiana corporation in good standing with the Indiana Workers' Compensation Fund.

The plaintiff applied for and received benefits under Indiana's Workers' Compensation Act.[2] Thereafter, the plaintiff filed this direct cause of action against his employer in the Circuit Court of Wood County,[3] alleging violations of the five specific elements to support the employer's alleged deliberate intention to injure the plaintiff, pursuant to W. Va. Code 23–4–2(c)(2)(ii) (1994) as follows:

(1) a specific unsafe working condition;

(2) a subjective realization and appreciation of the specific unsafe working condition;

(3) the specific unsafe working condition was a violation of a state or federal safety standard;

(4) the employee was intentionally exposed to the specific unsafe working condition;

(5) the employee sustained serious injuries resulting from the specific unsafe working condition.[4]

The employer moved to dismiss the complaint on a variety of theories including: (1) the plaintiff's exclusive remedy for recovering for his injuries are governed under the Indiana Workers' Compensation Act; and (2) that the employer is immune from tort liability under the Indiana Workers' Compensation Act because the employee has already received benefits under the Act, which does not recognize a deliberate intention cause of action. The trial court denied the employer's motion to dismiss, which prompted the framing of the certified question and the response that we have previously noted.

Based upon the following analysis, we hold that the plaintiff is not entitled to any of the benefits under the West Virginia Workers' Compensation Act, including the benefit and privilege to file a direct deliberate intention cause of action against his employer under W. Va. Code 23–4–2(c)(2)(ii) (1994).

## II.

## STANDARD OF REVIEW

■ The appellate standard of review of questions of law answered and certified by a circuit court is *de novo*. *See Simon v. G.D. Searle & Co.*, 816 F.2d 397, 400 (8th Cir.), *cert. denied*, 484 U.S. 917, 108 S.Ct. 268, 98 L.Ed.2d 225 (1987).

## III.

## DISCUSSION

■ The factual pattern of this case requires the response to the certified question to be framed within that portion of the West Virginia Workers' Compensation Act which

**2.** Ind.Code Ann. §§ 22–3–3–1 to –31 (Burns 1992 & supp. 1996).

**3.** For reasons not appearing in this record, the plaintiff chose not to file an intentional tort claim against the employer in Indiana. The Indiana Workers' Compensation Act, by its terms, does not bar certain intentional torts against employ-

ers. *See Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271 (Ind.1994); G. Terrence Coriden & Daniel Foote, *1994 Survey of Recent Developments in Workers' Compensation*, 28 Ind.L.Rev. 1141 (1995).

**4.** *See supra* note 1 for the text of W.Va.Code 23–4–2(c)(2)(ii) (1994).

manages the rights and privileges of a non-resident employee working in West Virginia who is eligible to receive, and does receive, compensation benefits in another state. That statutory provision is W.Va.Code 23–2–1c(c) (1993), which provides:

If the employee is a resident of a state other than this state and is subject to the terms and provisions of the workers' compensation law or similar laws of a state other than this state, such employee and his dependents *shall not be entitled to the benefits payable under this chapter* on account of injury, disease or death in the course of and as a result of employment temporarily within this state, and the rights of such employee and his dependents under the laws of such other state shall be the exclusive remedy against the employer on account of such injury, disease or death.

W.Va.Code 23–2–1c(c) (1993) (emphasis added).

The quick answer to the certified question can be found under the principles of comity, as announced by this Court in *Pasquale v. Ohio Power Co.*, which interpreted W.Va. Code 23–2–1c(c) to mean that the compensation scheme of another state is the exclusive remedy against the employer for a non-resident employee who is temporarily employed in this State, if such employee is injured in this State and is covered by the workers' compensation act of the other state. Syllabus Point 3, *Pasquale v. Ohio Power Co.*, 187 W.Va. 292, 418 S.E.2d 738 (1992), Therefore, the plaintiff's rights in this case against his employer would lie exclusively under the laws of the State of Indiana, and no remedy would be available against the employer in West Virginia under our deliberate intention statute, W.Va.Code 23–4–2(c)(2)(ii) (1994).

■  However, there is still a lingering question as to whether our deliberate intention cause of action is a common law tort remedy; whereby we would not be obligated to apply the principles of comity announced in *Pasquale* to the extent that the exclusive remedy language contained in W.Va.Code 23–2–1c(c) precludes a non-resident employ-

ee's right to bring a deliberate intention claim against an employer under W.Va.Code 23–4–2(c)(2)(ii); but rather, we would apply our traditional choice of law principle of *lex loci delicti* (the law of the place of the wrong), thereby allowing the plaintiff to proceed in his lawsuit because he was injured in West Virginia.

■  The answer to this lingering question is just as quick. We recently held in *Bell v. Vecellio & Grogan, Inc.*, 197 W.Va. 138, 475 S.E.2d 138 (1996) that the West Virginia deliberate intention statute, W.Va.Code 23–4–2(c)(2)(ii) (1991)[5] is not a common law tort remedy, but is blended within the West Virginia workers' compensation scheme, so that all employees covered by the West Virginia Workers' Compensation Act are subject to every provision of the workers' compensation chapter and are entitled to all benefits and privileges under the Act, including the right to file and maintain a direct deliberate intention cause of action against an employer. Syllabus Point 3, *Bell v. Vecellio & Grogan, Inc.*, 197 W.Va. 138, 475 S.E.2d 138 (1996). In *Bell*, we noted that for some seventy years since the enactment of the West Virginia Workers' Compensation Act, our case law interpreted the deliberate intention statute, W.Va.Code 23–4–2, as merely preserving for the employee a common law cause of action. We went on in *Bell* to recognize that in 1983, the Legislature, in response to the perceived broadening of the meaning of deliberate intention to include willful, wanton, or reckless misconduct created by *Mandolidis v. Elkins Indus., Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978), amended W.Va.Code 23–4–2 to create a statutory standard of proving deliberate intention more narrow and more specific than under the common law, thereby supplanting the common law deliberate intention action with a statutory one. *Bell v. Vecellio & Grogan, Inc.*, 197 W.Va. at 139, 475 S.E.2d at 139 (1996).

Because a deliberate intention cause of action is part of West Virginia's Workers' Compensation Act, to which every eligible

---

5. We noted in *Bell* that the 1991 version of W.Va.Code 23–4–2 was substantively identical to

the 1994 version as amended. *Bell*, 197 W.Va. at 139 n. 2, 475 S.E.2d at 139 n. 2.

employee is entitled to its benefits and privileges, then is the plaintiff an eligible employee within the contemplation of *Bell?* To determine those employees who are eligible for the privileges and benefits of the West Virginia Workers' Compensation Act, we are referred to W.Va.Code 23–2–1a (1991).[6]

It would not appear that the plaintiff is an employee subject to the West Virginia Workers' Compensation Act within the definition expressed in W.Va.Code 23–2–1a (1991). Obviously, the plaintiff's status is best defined within the provisions of W.Va.Code 23–2–1c(c) (1993), which specifically provides that non-resident employees subject to the terms and provisions of workers' compensation laws of other states "shall not be entitled to the benefits payable under this chapter." Because we have held in *Bell* that the deliberate intention direct cause of action that an employee may have as against an employer is a benefit and a privilege "under this chapter," then, clearly, the plaintiff here is not entitled to file any claim under W.Va.Code 23–4–2(c)(2)(ii).

Accordingly, the certified question presented by the Circuit Court of Wood County is answered in the negative.

Certified question answered.

---

6. W.Va.Code 23–2–1a (1991) provides as follows:

(a) Employees subject to this chapter are all persons in the service of employers and employed by them for the purpose of carrying on the industry, business, service or work in which they are engaged, including, but not limited to:

(1) Persons regularly employed in the state whose duties necessitate employment of a temporary or transitory nature by the same employer without the state;

(2) Every person in the service of the state or of any political subdivision or agency thereof, under any contract of hire, express or implied, and every appointed official or officer thereof while performing his or her official duties;

(3) Checkweighmen employed according to law;

(4) All members of rescue teams assisting in mine accidents with the consent of the owner who, in such case, shall be deemed the employer, or at the direction of the director of the department of mines [director of the division of environmental protection]; and

(5) All forest fire fighters who, under the supervision of the director of the department of natural resources or his or her designated representative, assist in the prevention, confinement and suppression of any forest fire.

(b) The right to receive compensation under this chapter shall not be affected by the fact that a minor is employed or is permitted to be employed in violation of the laws of this state relating to the employment of minors, or that he or she obtained his or her employment by misrepresenting his or her age.