IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2020 Term

_____

No. 19-0875

_____

FILED
**June 15, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Respondent

v.

JUSTIN K. LEGG,
Petitioner

_____

Certified Questions from the Circuit Court of Fayette County
The Honorable Thomas H. Ewing, Judge
Criminal Action No. 19-F-134

CERTIFIED QUESTIONS ANSWERED

_____

Submitted: May 19, 2020
Filed: June 15, 2020

James Adkins, Esq.                    Patrick Morrisey, Esq.
Assistant Public Defender             Attorney General
Edward S. Stanton, Esq.               Scott E. Johnson, Esq.
Deputy Chief Public Defender          Assistant Attorney General
Fayetteville, West Virginia           Charleston, West Virginia
Counsel for the Petitioner            Counsel for the Respondent

CHIEF JUSTICE ARMSTEAD delivered the Opinion of the Court.
JUSTICE WORKMAN not participating.

SYLLABUS BY THE COURT

1.    "When a certified question is not framed so that this Court is able to fully address the law which is involved in the question, then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of Questions of Law Act found in *W.Va. Code,* 51-1A-1, *et seq.* and *W.Va. Code,* 58-5-2 [1967], the statute relating to certified questions from a circuit court of this State to this Court."  Syl. Pt. 3, *Kincaid v. Mangum*, 189 W. Va. 404, 432 S.E.2d 74 (1993).

2.    "The appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*" Syl. Pt. 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W. Va. 172, 475 S.E.2d 172 (1996).

3.    An indictment for conspiracy under W. Va. Code § 60A-4-414(b) need not name all of the co-conspirators.  An indictment specifically alleging a conspiracy involving a single defendant and only one other co-conspirator is sufficient, under constitutional principles, to put the defendant on notice that he or she may be held responsible under § 60A-4-414(f) for the quantity of drugs delivered or possessed with intent to deliver solely by the co-conspirator to other persons who have also been charged in separate indictments alleging a single conspiracy involving the same co-conspirator, when those other persons are not named in the indictment.

4.    "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970).

i

5.    For purposes of a crime under W. Va. Code § 60A-4-414(b), W. Va. Code § 60A-4-414(f) requires that overt acts have to be in furtherance of the conspiracy before the trier of fact can attribute to the defendant "all of the controlled substances manufactured, delivered or possessed with intent to deliver or manufacture by other participants or members of the conspiracy."

6.    For purposes of the trier of fact's determination under W. Va. Code § 60A-4-414(f) as to the amount of controlled substances attributable to a defendant for purposes of W. Va. Code § 60A-4-414(b), the admissibility of evidence of an unindicted co-conspirator's drug transactions with others who are not named or identified in the indictment is subject to the knowing and foreseeable principles outlined in *Pinkerton v. United States*, 328 U.S. 640 (1946) and its progeny.

7.    "Where a constitutional right to counsel exists under W. Va. Const. art. III, § 14, there is a correlative right to representation that is free from conflicts of interest."  Syl. Pt. 2, *Cole v. White*, 180 W. Va. 393, 376 S.E.2d 599 (1988).

ARMSTEAD, Chief Justice:

In this case we consider four certified questions regarding West Virginia's conspiracy statute contained in the Uniform Controlled Substances Act, W. Va. Code § 60A-4-414 (2017).[1] After exercising our authority to reformulate the certified questions, and after considering the parties' briefs, relevant portions of the appendix record, oral arguments, and the pertinent law, we answer the reformulated certified questions as follows:

> 1. For purposes of a crime under West Virginia Code § 60A-4-414(b), is an indictment specifically alleging a conspiracy involving a single defendant and only one other co-conspirator sufficient, under constitutional principles, to put the defendant on notice that he or she may be held responsible under § 60A-4-414(f) for the quantity of drugs delivered or possessed with intent to deliver solely by the co-conspirator to other persons not named in the indictment?
> Answer: Yes
>
> 2. For purposes of a crime under West Virginia Code § 60A-4-414(b), does § 60A-4-414(f) require that overt acts have to be in furtherance of the conspiracy before the trier of fact can attribute to the defendant all of the controlled substances manufactured, delivered or possessed with intent to deliver or manufacture by other participants or members of the conspiracy?
> Answer: Yes.
>
> 3. For purposes of the trier of fact's determination under West Virginia Code § 60A-4-414(f), is evidence of an unindicted co-conspirator's drug transactions with

---

[1] The Circuit Court of Fayette County proposed five certified questions. However, we decline to address the fourth question certified by the circuit court. We believe the crux of the question posed by the proposed fourth certified question is essentially discussed in the certified questions answered herein.

others not named or identified in the indictment admissible for consideration in determining the amount of controlled substances attributable to the Defendant for purposes of West Virginia Code § 60A-4-414(b) subject to the knowing and foreseeable principles outlined in *Pinkerton v. United States*, 328 U.S. 640 (1946) and its progeny?
Answer: Yes.

4.   Where an indictment charges a conspiracy in violation of West Virginia Code § 60A-4-414(b) involving the defendant and only one other named, but indicted co-conspirator, may counsel for the defendant continue to represent similarly situated, but separately indicted defendants who were not named in the defendant's indictment but who are alleged to have had separate conspiracies with the same, named unindicted co-conspirator as identified in the defendant's indictment when the State seeks to offer evidence in the defendant's trial of drug transactions between the named, unindicted co-conspirator and the other separately indicted individuals for consideration in determining the quantity of controlled substance attributable to the defendant under West Virginia Code § 60A-4-414(f)?
Answer: No.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2017, the Central West Virginia Drug Task Force ("Task Force") began an investigation into drug activity that was eventually referred to as Operation Mountaineer Highway. Thereafter, the Drug Enforcement Agency ("DEA") began working with the Task Force on this investigation.

The Task Force began its investigation into two individuals, Greg Coleman and Ryan Johnson, after controlled purchases were made from Mr. Coleman's residence. In May of 2018, the DEA applied for and was granted "a wire intercept order" allowing

2

them to listen to and record conversations between Greg Coleman and others. The wiretap investigation revealed that Greg Coleman sold drugs to more than twenty individuals in Fayette County, West Virginia.

On May 15, 2019, the petitioner, Justin K. Legg, was indicted by a Fayette County, West Virginia, Grand Jury for the offense of conspiracy. In addition to the petitioner, Operation Mountaineer Highway resulted in numerous other individuals being indicted.[2] In the indictments, the State "alleged that the Defendant conspired with a single named, unindicted co-conspirator to deliver or possess with intent to deliver one kilogram or more of heroin, and that the Defendant and/or the unindicted co-conspirator did act to effect the object of the conspiracy. No other co-conspirators are named or identified in the Indictment."

Although the petitioner may not have distributed over one kilogram of heroin himself, the State asserts that he and other similarly situated defendants are responsible for the heroin that Mr. Coleman distributed as part of the overall conspiracy. Following discovery and the filing of various motions, the Circuit Court of Fayette County entered its "Order Certifying Questions To The Supreme Court of Appeals Of West Virginia."[3] The five questions, and the circuit court's answers are as follows:

1. For purposes of a crime under West Virginia Code Section 60A-4-414(b), is an Indictment specifically alleging a

---

[2] Sixteen of the cases were assigned to the Honorable Thomas H. Ewing.

[3] The Honorable Thomas H. Ewing consolidated the related cases that were assigned to him for the limited purpose of certifying questions to this Court. Petitioner Justin K. Legg's case was designated as the lead case for the limited purpose of resolving the questions presented.

conspiracy involving a single defendant and only one other co-conspirator sufficient, under constitutional principles, to put the defendant on notice that he/she may be held responsible under section 4-414(f) for the quantity of drugs delivered or possessed with intent to deliver solely by the co-conspirator to other persons, who have also been charged in separate indictments alleging a single conspiracy involving the same co-conspirator, when those other persons are not named in the indictment?
Answer: Yes.

2. For purposes of a crime under West Virginia Code Section 60A-4-414(b), does section 4-414(f) incorporate the common law principle that overt acts have to be in furtherance of the conspiracy before the jury can attribute to the defendant "all of the controlled substances manufactured, delivered or possessed with intent to deliver or manufacture by other participants or members of the conspiracy"?
Answer: Yes.

3. For purposes of the jury's determination under West Virginia Code Section 60A-4-414(f), is evidence of an unindicted co-conspirator's drug transactions with others not named or identified in the Indictment admissible for the jury's consideration in determining the amount of controlled substance attributable to the Defendant for purposes of West Virginia Code Section 60A-4-414(b) subject to the knowing and foreseeable principles outlined in *Pinkerton v. United States*, 328 U.S. 640 (1946) and its progeny?
Answer: Yes.

4. For purposes of a crime under West Virginia Code Section 60A-4-414(b), can the jury consider the volume of controlled substances distributed by the named, co-conspirator as part of his separate conspiracies with others not named or identified in the Indictment for purposes of the jury's determination under West Virginia Code Section 60A-4-414(f) even when the State does not intend to introduce evidence to show that the defendant had any connection or dealings with any of the unindicted co-conspirator's other alleged, separately indicted co-conspirators?
Answer: Yes.

4

5. Where the Indictment charges a conspiracy in violation of West Virginia Code Section 60A-4-414(b) involving the defendant and only one other named, but unindicted c-conspirator, may counsel for the defendant continue to represent similarly situated, but separately indicted defendants who were not named in the defendant's indictment but who are alleged to have had separate conspiracies with the same, named unindicted co-conspirator as identified in the defendant's Indictment, when the State seeks to offer evidence in the defendant's trial of drug transactions between the named, unindicted co-conspirator and the other separately indicted individuals for the jury to consider in determining the quantity of controlled substance attributed to the defendant under West Virginia Code Section 60A-4-414(f)?
Answer: No.

## II. STANDARD OF REVIEW

"The appellate standard of review of questions of law answered and certified by a circuit court is *de novo*[,]" Syl. Pt. 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W. Va. 172, 475 S.E.2d 172 (1996), meaning that "we give plenary consideration to the legal issues that must be resolved to answer the question" certified by the circuit court. *Michael v. Appalachian Heating, LLC*, 226 W. Va. 394, 398, 701 S.E.2d 116, 120 (2010).

## III. DISCUSSION

Prior to addressing the issues raised in this proceeding, we exercise our authority to reformulate the questions certified by the circuit court in order to fully address the legal issues presented.

When a certified question is not framed so that this Court is able to fully address the law which is involved in the question, then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of

5

Questions of Law Act found in *W.Va. Code,* 51-1A-1, *et seq.* and *W.Va. Code,* 58-5-2 [1967], the statute relating to certified questions from a circuit court of this State to this Court.

Syl. Pt. 3, *Kincaid v. Mangum,* 189 W. Va. 404, 432 S.E.2d 74 (1993).

Consistent with our authority to do so, we reformulate the questions certified as follows:

1.  For purposes of a crime under West Virginia Code § 60A-4-414(b), is an indictment specifically alleging a conspiracy involving a single defendant and only one other co-conspirator sufficient, under constitutional principles, to put the defendant on notice that he or she may be held responsible under § 60A-4-414(f) for the quantity of drugs delivered or possessed with intent to deliver solely by the co-conspirator to other persons not named in the indictment?
    Answer: Yes

2.  For purposes of a crime under West Virginia Code § 60A-4-414(b), does § 60A-4-414(f) require that overt acts have to be in furtherance of the conspiracy before the trier of fact can attribute to the defendant "all of the controlled substances manufactured, delivered or possessed with intent to deliver or manufacture by other participants or members of the conspiracy"?
    Answer: Yes.

3.  For purposes of the trier of fact's determination under West Virginia Code § 60A-4-414(f), is evidence of an unindicted co-conspirator's drug transactions with others not named or identified in the indictment admissible for consideration in determining the amount of controlled substances attributable to the Defendant for purposes of West Virginia Code § 60A-4-414(b) subject to the knowing and foreseeable principles outlined in *Pinkerton v. United States*, 328 U.S. 640 (1946) and its progeny?
    Answer: Yes.

6

4.     Where an indictment charges a conspiracy in violation of West Virginia Code § 60A-4-414(b) involving the defendant and only one other named, but indicted co-conspirator, may counsel for the defendant continue to represent similarly situated, but separately indicted defendants who were not named in the defendant's indictment but who are alleged to have had separate conspiracies with the same, named unindicted co-conspirator as identified in the defendant's indictment when the State seeks to offer evidence in the defendant's trial of drug transactions between the named, unindicted co-conspirator and the other separately indicted individuals for consideration in determining the quantity of controlled substance attributable to the defendant under West Virginia Code § 60A-4-414(f)?
Answer: No.

We will address each of these questions in turn.

### A.   *"Sufficiency of Indictment"*

In the first certified question, we are asked to determine if an indictment for conspiracy under W. Va. Code § 60A-4-414(b) (2017) is sufficient to a place a defendant on notice that he or she may be held responsible for the quantity of drugs delivered or possessed with intent to deliver solely by a co-conspirator to other persons who have also been charged in separate indictments alleging a single conspiracy involving the same co-conspirator, when those other persons are not named in the indictment.

An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." W. Va. R. Crim. P. 7(c)(1). The West Virginia Constitution provides, "[i]n all [criminal] trials, the accused shall be fully and

plainly informed of the character and cause of the accusation[.]" Further, this Court has previously held "[a]n indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syl. Pt. 2, in part, *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1996).

In answering this question, the circuit court relied, in part, upon the Fourth Circuit's decision in *United States v. Camara*, 908 F.3d 41 (4th Cir. 2018), which noted that "the government need not identify any co-conspirators." *Camara* at 46. In discussing this issue, the United States Supreme Court has noted "at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown." *Rogers v. United States*, 340 U.S. 367, 375 (1951). When considering a case with a similar indictment, the Sixth Circuit noted, "not to construe this indictment to charge a conspiracy involving two or more persons might create tension with the general rule that the prosecution need not furnish co-conspirators' names as long as the defendant has notice of the conspiracy with which he is charged." *United States v. Pingleton*, 216 F. App'x 526, 529 (6th Cir. 2007).

Practically speaking, a defendant who is charged with conspiracy under W. Va. Code § 60A-4-414(b) of the Uniform Controlled Substances Act, is on notice that he or she may be held responsible for the quantity of drugs delivered or possessed with intent to deliver solely by the co-conspirator to other persons not named in the indictment. This is because the conspiracy statute, W. Va. Code § 60A-4-414, allows the trier of fact to

8

"include all of the controlled substances manufactured, delivered or possessed with the intent to deliver or manufacture by other participants or members of the conspiracy" when it is determining the quantity of controlled substances attributable to the defendant *in a charge under this section.* W. Va. Code § 60A-4-414(f) (2017) (emphasis added). To the extent that the defendant is charged under the conspiracy statute, such attribution may be permitted.

Therefore, we hold that an indictment for conspiracy under W. Va. Code § 60A-4-414(b) need not name all of the co-conspirators. An indictment specifically alleging a conspiracy involving a single defendant and only one other co-conspirator is sufficient, under constitutional principles, to put the defendant on notice that he or she may be held responsible under § 60A-4-414(f) for the quantity of drugs delivered or possessed with intent to deliver solely by the co-conspirator to other persons not named in the indictment.

The reformulated certified question asked:

> For purposes of a crime under West Virginia Code § 60A-4-414(b), is an indictment specifically alleging a conspiracy involving a single defendant and only one other co-conspirator sufficient, under constitutional principles, to put the defendant on notice that he or she may be held responsible under § 60A-4-414(f) for the quantity of drugs delivered or possessed with intent to deliver solely by the co-conspirator to other persons not named in the indictment?

We answer the reformulated certified question in the affirmative.

### B. "Overt Acts"

The second question certified by the circuit court relates to the quantity of controlled substances that are attributable to a defendant who has been charged under W.

9

Va. Code § 60A-4-414(b). In this question, we are asked if W. Va. Code § 60A-4-414(f) requires that overt acts have to be in furtherance of the conspiracy before the trier of fact may attribute to a defendant "all of the controlled substances manufactured, delivered or possessed with intent to deliver or manufacture by other participants or members of the conspiracy." W. Va. Code § 60A-4-414(f). Answering this question requires us to examine the conspiracy statute within the Uniform Controlled Substances Act, W. Va. Code § 60A-4-414.

We begin our analysis with a review of our rules regarding statutory interpretation. When deciding the meaning of a statutory provision, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995). *See also* Syl. Pt. 2, *Crockett v.* Andrews, 153 W. Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation.").

With these rules of statutory construction in mind, we examine W. Va. Code § 60A-4-414. It provides, in relevant part:

> ***
>
> (b) Notwithstanding the provisions of subsection (a) of this section, any person who willfully conspires with one or more persons to manufacture, deliver or possess with intent to manufacture or deliver one kilogram or more of heroin, five kilograms or more of cocaine or cocaine base, one hundred grams or more of phencyclidine, ten grams or more of lysergic

10

acid diethylamide, or fifty grams or more of methamphetamine or five hundred grams of a substance or material containing a measureable amount of methamphetamine, if one or more of such persons does any act to effect the object of the conspiracy, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for a determinate sentence of not less than two nor more than thirty years.

\*\*\*

(f) The determination of the trier of fact as to the quantity of controlled substance attributable to the defendant in a charge under this section may include all of the controlled substances manufactured, delivered or possessed with intent to deliver or manufacture by other participants or members of the conspiracy.

Subsection (b) clearly requires an overt act.  The statutory language provides "if one or more of such persons *does any act to effect the object of the conspiracy...*" W. Va. Code § 60A-4-414(b) (emphasis added).  When examining the overt act requirement as it relates to our general conspiracy statute, W. Va. Code § 61-10-31(1), this Court has noted that "[t]he purpose of the overt act requirement is merely to show 'that the conspiracy is at work.' …. It is not necessary that each conspirator involved in the conspiracy commit his or her own overt act.  The overt act triggering the conspiracy as to all the conspirators can be committed by any one of their number." *State v.* Less, 170 W. Va. 259, 265, 294 S.E.2d 62, 67 (1981) (internal citations omitted).  Although W. Va. Code § 60A-4-414(b) does not require each conspirator to commit his or her own overt act, it requires an overt act to effect the object of the conspiracy.

11

Subsection (f) of this conspiracy statute provides, "[t]he determination of the trier of fact as to the quantity of controlled substance attributable to the defendant *in a charge under this section* may include all of the controlled substances manufactured, delivered or possessed with intent to deliver or manufacture by other participants or members *of the conspiracy*." W. Va. Code § 60A-4-414(f) (emphasis added). We believe that the conspiracy referenced in subsection (f) is the conspiracy charged in the indictment.

Therefore, we hold that for purposes of a crime under W. Va. Code § 60A-4-414(b), W. Va. Code § 60A-4-414(f) requires that overt acts have to be in furtherance of the conspiracy before the trier of fact can attribute to the defendant "all of the controlled substances manufactured, delivered or possessed with intent to deliver or manufacture by other participants or members of the conspiracy."

The reformulated certified question asked:

> For purposes of a crime under West Virginia Code § 60A-4-414(b), does § 60A-4-414(f) require that overt acts have to be in furtherance of the conspiracy before the trier of fact can attribute to the defendant "all of the controlled substances manufactured, delivered or possessed with intent to deliver or manufacture by other participants or members of the conspiracy"?

We answer the reformulated certified question in the affirmative.

### C. "Foreseeability"

The third question certified by the circuit court also relates to the quantity of controlled substances that are attributable to a defendant who has been charged under W. Va. Code § 60A-4-414(b). However, this question asks whether the amount of controlled

12

substances attributable to a defendant under W. Va. Code § 60A-4-414(b) is subject to the foreseeability principles of *Pinkerton v. United States*, 328 U.S. 640 (1946) and its progeny.

As has previously been discussed, the circuit court concluded that the evidence of an unindicted co-conspirator's drug transactions with others not identified in the indictment is admissible for the trier of fact's consideration in determining the amount of controlled substances attributable to a defendant under W. Va. Code § 60A-4-414(b). In addition, the circuit court also concluded that such attribution is subject to the knowing and foreseeability principles contained in *Pinkerton v. United States*, 328 U.S. 640 (1946) and its progeny, and we agree.

*Pinkerton* has been described as the "leading case" on the issue of vicarious conspirator liability. *United States v. Collado*, 975 F.2d 985, 993 n.7 (3d Cir. 1992). In *Pinkerton*, the United States Supreme Court affirmed the substantive convictions of a co-conspirator even though there was no evidence that the co-conspirator participated directly in the commission of the substantive offenses. *Pinkerton v. United States*, 328 U.S. 640 (1946). The Supreme Court acknowledged, however, that for such liability to be imposed, the act of the co-conspirator must be done "in furtherance of the conspiracy" and must be "reasonably foreseen as a necessary or natural consequence of the unlawful agreement." *Pinkerton* at 647-48. "The idea behind the *Pinkerton* doctrine is that the conspirators are each other's agents; and a principal is bound by the acts of his agents within the scope of the agency." *United States v. Aramony*, 88 F.3d 1369, 1379 (4th Cir. 1996) (quoting *United*

13

*States v. Manzella*, 791 F.2d 1263, 1267 (7th Cir. 1986)). When determining the quantity of drugs attributable to an individual defendant involved in a drug conspiracy, the Fourth Circuit has recognized that "a trial court is obliged to 'instruct a jury to use *Pinkerton* principles.' *United States v. Brooks*, 524 F.3d 549, 558 (4th Cir. 2008).

We hold that for purposes of the trier of fact's determination under W. Va. Code § 60A-4-414(f) as to the amount of controlled substances attributable to a defendant for purposes of W. Va. Code § 60A-4-414(b), the admissibility of evidence of an unindicted co-conspirator's drug transactions with others who are not named or identified in the indictment is subject to the knowing and foreseeable principles outlined in *Pinkerton v. United States,* 328 U.S. 640 (1946) and its progeny.

The reformulated certified question asked:

> For purposes of the trier of fact's determination under West Virginia Code § 60A-4-414(f), is evidence of an unindicted co-conspirator's drug transactions with others not named or identified in the indictment admissible for consideration in determining the amount of controlled substances attributable to the Defendant for purposes of West Virginia Code § 60A-4-414(b) subject to the knowing and foreseeable principles outlined in *Pinkerton v. United States*, 328 U.S. 640 (1946) and its progeny?

We answer the reformulated certified question in the affirmative.

### D. *"Conflict of Interest"*

The last question certified by the circuit court relates to whether counsel for a defendant who is charged with conspiracy in violation of W. Va. Code § 60A-4-414(b)

14

may continue to represent similarly situated, but separately indicted defendants who were not named in the defendant's indictment but who are alleged to have had separate conspiracies with the same named unindicted co-conspirator as identified in the defendant's indictment.

"The Sixth Amendment of the United States Constitution and Article III, Section 14 of the West Virginia Constitution both guarantee to the criminally accused the right to counsel." *State ex rel. Humphries v. McBride*, 220 W. Va. 362, 366, 647 S.E.2d 798, 802 (2007) (per curiam). "Where a constitutional right to counsel exists under W. Va. Const. art. III, § 14, there is a correlative right to representation that is free from conflicts of interest." Syl. Pt. 2, *Cole v. White*, 180 W. Va. 393, 376 S.E.2d 599 (1988). Rule 1.7 of the West Virginia Rules of Professional Conduct governs conflicts of interest with current clients. Rule 1.7 provides, in pertinent part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

The fourth question contemplates a scenario in which the State may use evidence of drug transactions involving persons who are represented by the same attorney and are both alleged to have obtained controlled substances from the same supplier. As

15

the circuit court correctly noted, there is a likelihood that counsel "will be forced to choose between clients at trial" if one or more of counsel's clients are called to testify. By way of example, one client may possess knowledge or information that would be helpful to his or her own case, but the same information may be harmful to another client. Further, testimony from the various clients may not only be sought by the State. The petitioner raises the possibility that he may need to subpoena "every individual" that transacted with the unindicted co-conspirator in an effort to defend himself. However, providing testimony at trial is not the only concern. Counsel may also be navigating plea offers for these various clients.

The representation of one client need not be directly adverse to another client. A conflict exists if there is a "significant risk" that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client. Rule 1.7, West Virginia Rules of Professional Conduct. The scenario contemplated in this question poses a significant risk that the representation of one client will be materially limited by the lawyer's responsibilities to another client. Given this Court's answers to the preceding questions and for the reasons stated herein, this Court finds that such representation would result in a conflict of interest.[4]

The reformulated certified question asked:

Where an indictment charges a conspiracy in violation of West Virginia Code § 60A-4-414(b) involving the defendant and only one other named, but indicted co-conspirator, may

---

[4] Petitioner concedes that if this Court answered any of the preceding certified questions in the affirmative, then a conflict of interest would exist.

16

counsel for the defendant continue to represent similarly situated, but separately indicted defendants who were not named in the defendant's indictment but who are alleged to have had separate conspiracies with the same, named unindicted co-conspirator as identified in the defendant's indictment when the State seeks to offer evidence in the defendant's trial of drug transactions between the named, unindicted co-conspirator and the other separately indicted individuals for consideration in determining the quantity of controlled substance attributable to the defendant under West Virginia Code § 60A-4-414(f)?

We answer the reformulated certified question in the negative.

## IV. CONCLUSION

Having answered the reformulated certified questions, we remand this case to the Circuit Court of Fayette County for further proceedings consistent with this opinion.

Certified questions answered.