# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2022 Term

**FILED**

**March 21, 2021**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0382

**STATE OF WEST VIRGINIA,**
Plaintiff Below, Respondent,

**V.**

**MICHAEL PAUL CONN,**
Defendant Below, Petitioner.

_____

**Certified Question from the Circuit Court of Cabell County**
**The Honorable Paul T. Farrell, Judge**
**Indictment No. 14-F-512**

**CERTIFIED QUESTION ANSWERED**
_____

Submitted: February 15, 2022
Filed: March 21, 2022

Jeremy B. Cooper
Blackwater Law PLLC
Aspinwall, Pennsylvania
Attorney for the Petitioner

Patrick Morrisey
Attorney General
Lara K. Bissett
Assistant Attorney General
Charleston, West Virginia
Attorneys for the Respondent

**JUSTICE MOATS delivered the Opinion of the Court.**

**JUSTICE ALAN D. MOATS, sitting by temporary assignment.**

**JUSTICE WOOTON dissents and reserves the right to file a dissenting opinion.**

**SYLLABUS BY THE COURT**

1.      "The appellate standard of review of questions of law answered and certified by a circuit court is *de novo*."  Syllabus point 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W. Va. 172, 475 S.E.2d 172 (1996).

2.      "When a certified question is not framed so that this Court is able to fully address the law which is involved in the question, then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of Questions of Law Act found in *W. Va. Code*, 51-1A-1, *et seq*. and *W. Va. Code*, 58-5-2 [(1998)], the statute relating to certified questions from a circuit court of this State to this Court."  Syllabus point 3, *Kincaid v. Mangum*, 189 W. Va. 404, 432 S.E.2d 74 (1993).

**Moats, Justice:**

The Circuit Court of Cabell County certifies one question to this Court pertaining to whether an "attempt to commit an assault during the commission of a felony"—when the underlying felony is sexual assault in the third degree—is a qualifying offense under the Sex Offender Registration Act, West Virginia Code §§ 15-12-1 to -10 (hereinafter sometimes referred to as "the Act"), which would require Petitioner Michael Paul Conn ("Mr. Conn") to register as a sex offender for life. After considering the parties' briefs and oral arguments, the appendix record submitted, and the applicable legal authority, we conclude that Mr. Conn's conviction for "attempt to commit an assault during the commission of a felony" which was based on a proffer that Mr. Conn committed sexual assault in the third degree, is a qualifying offense under the Act that requires Mr. Conn to register as a sex offender for life.

## I.

### FACTUAL AND PROCEDURAL HISTORY

This case originated more than twenty years ago, when Mr. Conn was indicted in January of 1998 on four counts of sexual assault in the third degree. It was alleged that Mr. Conn, then aged twenty-two, engaged in sexual intercourse with a thirteen-year-old girl. As part of a later plea agreement, the indictment was dismissed, and Mr. Conn pleaded guilty to an information, charging him with one count of attempt to commit a felony, "stating that he unlawfully, feloniously, knowingly and intentionally attempted

1

to commit an assault during the commission of a felony." As a proffer to support the plea, the State noted:

> The evidence of the State would be that on or about August the 20th, 1997, that [Mr. Conn] did actually have intercourse with a juvenile, [T.E.], who was under the age of sixteen [ ] and more than four years difference between their ages, and [Mr. Conn] being twenty-two[.]

As part of this plea agreement, Mr. Conn was sentenced to not less than one nor more than three years in prison, to be served consecutively to another sentence he was serving in another matter. At the time of his conviction and sentence, Mr. Conn was not required to register as a sex offender.

Afterward, in 1999, the West Virginia Legislature enacted the Sex Offender Registration Act, West Virginia Code §§ 15-12-1 to -10. Shortly thereafter, in 2000, the registration requirements for sex offenders were amended. The amendment extended the registration requirements to perpetrators convicted of attempted offenses. *See generally* W. Va. Code § 15-12-2 (eff. 2018). Because the amendment was effective both retroactively and prospectively, Mr. Conn was required to register as a sex offender. *See* W. Va. Code § 15-12-2(a) (eff. 2018) ("The provisions of this article apply both retroactively and prospectively.").

Subsequently, in 2003, Mr. Conn filed a petition for writ of habeas corpus in the Circuit Court of Cabell County alleging (1) unlawfully induced guilty plea; (2) ineffective assistance of counsel; (3) false declamation of character; and (4) violation

of his constitutional rights. According to the appendix record, the petition for writ of habeas corpus was summarily dismissed. Then, on appeal to this Court, we remanded the matter for further findings of fact regarding whether Mr. Conn's crime was sexually motivated for the purpose of the requirement that he register as a sex offender. Upon remand, a hearing was held in May of 2006. At the hearing, the State represented that, in entering his guilty plea to "attempt to commit an assault during the commission of a felony," Mr. Conn understood that there would be evidence at trial that the underlying felony was of a sexual nature. Mr. Conn did not refute that characterization—he merely pointed out that he entered an *Alford/Kennedy* plea[1] maintaining his innocence. The circuit court ultimately found that based on the 2000 change in the statute, Mr. Conn was required to register as a sex offender because the felony underlying his plea was sexual in nature.

Years later, in 2014, Mr. Conn was indicted on six counts of failure to register as a sex offender or provide notice of registration changes. He entered an *Alford/Kennedy* plea to two counts of the indictment on January 9, 2018. Mr. Conn then filed a "Petition for Writ of Error *Coram Nobis* and Motion in Arrest of Judgment and for Dismissal of the

---

[1] *See Kennedy v. Frazier,* 178 W. Va. 10, 357 S.E.2d 43 (1987). A *Kennedy* plea—sometimes referred to as an *Alford/Kennedy* plea—is a guilty plea in criminal law that a defendant can enter without admitting his or her actual participation in the crime. In Syllabus point one of *Kennedy*, this Court held: "An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

Indictment" in March of 2021.[2]  In this petition, Mr. Conn claimed that the State Police

mistakenly believed him to be a lifetime registrant[3] when his conviction only required him

---

[2] In Syllabus point 5 of *State v. Hutton*, 235 W. Va. 724, 776 S.E.2d 621 (2015), this Court held:

> A claim of legal error may be brought in a petition for a writ of error coram nobis only in extraordinary circumstances and if the petitioner shows that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) there exists a substantial adverse consequence from the conviction; and (4) the error presents a denial of a fundamental constitutional right.

[3] West Virginia Code § 15-12-4(a) (eff. 2018) states that "[a] person required to register under the terms of this article shall continue to comply with this section, except during ensuing periods of incarceration or confinement[.]" The statute continues, and specifies two timeframes for registration:

> (1) Ten years have elapsed since the person was released from prison, jail, or a mental health facility or 10 years have elapsed since the person was placed on probation, parole, or supervised or conditional release.  The 10-year registration period may not be reduced by the sex offender's release from probation, parole, or supervised or conditional release; or

> (2) For the life of that person, if that person: (A) Has one or more prior convictions or has previously been found not guilty by reason of mental illness, mental retardation, or addiction for any qualifying offense referred to in this article; (B) has been convicted or has been found not guilty by reason of mental illness, mental retardation, or addiction of a qualifying offense as referred to in this article, and upon motion of the prosecuting attorney, the court finds by clear and convincing evidence that the qualifying offense involved multiple victims or multiple violations of the qualifying offense; (C) has been convicted or has been found not guilty by reason of mental illness, mental retardation, or addiction of a sexually violent offense; (D) has been determined pursuant to §15-12-2a of this code to be a sexually violent predator; or (E) has been convicted or has been found not guilty by reason of mental illness, mental retardation,

4

to register for ten years because he did not commit a "qualifying offense" or "sexually violent offense" and he was not determined to be a "sexually violent predator."

The State responded that the underlying felony—sexual assault in the third degree—of Mr. Conn's conviction of attempt to commit assault during the commission of a felony *is* a qualifying offense for lifetime registration. After a hearing, the circuit court certified the following question[4] to this Court:

> Is [Mr. Conn's] 1998 conviction for "Attempt to Commit an Assault during the Commission of a Felony," under W. Va. Code [§] 61-2-10, which was found by the Circuit Court to be a sexually motivated crime against a minor, a

> or addiction of a qualifying offense as referred to in this article, involving a minor or a person believed or perceived by the registrant to be a minor.

[4] Pursuant to Rule 17(a)(1) of the West Virginia Rules of Appellate Procedure, when questions are certified by a circuit court or administrative tribunal,

> the order of certification complying with statutory requirements must further contain a concise statement of each question of law, the answer to each question of law by the circuit court or administrative tribunal, a notation of the extent to which the action is stayed pending resolution of the certified questions, and a directive to the parties to prepare a joint appendix of the record sufficient to permit review of the certified questions.

Here, the Circuit Court of Cabell County failed to answer the certified question. However, in accordance with the authority given to this Court by Rule 2 of the West Virginia Rules of Appellate Procedure, we suspend the procedure in this matter for judicial efficiency. *See* W. Va. R. App. P. 2 ("In the interest of expediting decision, or for other good cause shown, the Supreme Court may suspend the requirements or provisions of any of these Rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. These Rules shall be construed to allow the Supreme Court to do substantial justice.").

5

qualifying offense under the West Virginia Sexual Offender Registration Act, W. Va. Code [§] 15-12-1 *et seq.,* which would require [Mr. Conn] to become a registered sex offender for life?

## II.

## STANDARD OF REVIEW

This Court's review of questions certified by a circuit court is plenary. "The appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*" Syl. pt. 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W. Va. 172, 475 S.E.2d 172 (1996). Additionally, to the extent that the resolution of the certified question requires us to engage in statutory interpretation, we apply the same level of review. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we now address the arguments presented.

## III.

## DISCUSSION

In the case sub judice, we first acknowledge this Court's authority to reformulate certified questions:

> When a certified question is not framed so that this Court is able to fully address the law which is involved in the question, then this Court retains the power to reformulate

questions certified to it under both the Uniform Certification of Questions of Law Act found in *W. Va. Code*, 51-1A-1, *et seq.* and *W. Va. Code*, 58-5-2 [(1998)], the statute relating to certified questions from a circuit court of this State to this Court.

Syl. pt. 3, *Kincaid v. Mangum*, 189 W. Va. 404, 432 S.E.2d 74 (1993). In accordance with this authority, we reformulate the question as follows:

> Is Mr. Conn's 1998 conviction—"Attempt to Commit an Assault during the Commission of a Felony," under West Virginia Code § 61-2-10, the underlying felony being a violation of West Virginia Code § 61-8B-5(2), third degree sexual assault, when he had intercourse with a juvenile under the age of sixteen when he was twenty-two years of age—a qualifying offense under the West Virginia Sex Offender Registration Act, West Virginia Code § 15-12-1 et seq., which would require Mr. Conn to become a registered sex offender for life?

To begin our analysis, we look to the issue presented to this Court in the reformulated certified question, i.e., is a conviction for "attempt to commit an assault during the commission of a felony"—when the underlying felony committed was sexual assault in the third degree—a qualifying offense that requires lifetime sexual offender registration? Mr. Conn argues that "qualifying offense" is clearly and unambiguously defined by the Act as any crime listed in West Virginia Code § 15-12-2(b)(2) (eff. 2018),[5]

---

[5] West Virginia Code § 15-2-2 has been amended many times since its enactment in 1999. However, the changes have mostly been for readability and stylistic purposes. Furthermore, due to the Legislature's express intent for the Act to apply retroactively, we cite to the most current version, which became effective in 2018.

and because "attempt to commit an assault during the commission of a felony" is not explicitly listed, he is not required to register as a sex offender for life.

Because the resolution of this matter requires us to examine various statutory provisions, we set forth the proper framework for our analysis.

> When this Court endeavors to construe a statutory provision, our primary aim is to give effect to the intent of the Legislature. "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). Accordingly, "When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case[,] it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959). On the other hand, "[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

*Bradford v. W. Va. Solid Waste Mgmt. Bd.*, ___ W. Va. ___, ___, 866 S.E.2d 82, 87 (2021).

At the outset of our analysis, we examine the Sex Offender Registration Act. In West Virginia Code § 15-12-1a(b), the Legislature made clear its intent by "declar[ing] that there is a compelling and necessary public interest that the public have information concerning persons convicted of sexual offenses in order to allow members of the public to adequately protect themselves and their children from these persons." To that end, the Act provides that "[a]ny person who has been convicted of an offense or an attempted

8

offense" enumerated in the Act shall be made to register as a sex offender. W. Va. Code § 15-12-2(b). The Act enumerates the following offenses:

> (1) §61-8A-1 et seq. of this code;
>
> (2) §61-8B-1 et seq. of this code, including the provisions of former §61-8B-6 of this code, relating to the offense of sexual assault of a spouse, which was repealed by an act of the Legislature during the 2000 legislative session;
>
> (3) §61-8C-1 et seq. of this code;
>
> (4) §61-8D-5 and §61-8D-6 of this code;
>
> (5) §61-2-14(a) of this code;
>
> (6) §61-8-6, §61-8-7, §61-8-12, and §61-8-13 of this code;
>
> (7) §61-3C-14b of this code, as it relates to violations of those provisions of chapter 61 listed in this subsection; or
>
> (8) §61-14-2, §61-14-5, and §61-14-6 of this code: Provided, That as to §61-14-2 of this code only those violations involving human trafficking for purposes of sexual servitude require registration pursuant to this subdivision.[6]

---

[6] Each of these statutes refer to various sexual offenses. *See, e.g.*, W. Va. Code § 61-8A-1 to -7 (preparation, distribution or exhibition of obscene matter to minors); W. Va. Code § 61-8B-1 to -18 (sexual offenses); W. Va. Code § 61-8C-1 to -11 (filming of sexually explicit conduct of minors); W. Va. Code § 61-8D-5 (sexual abuse by a parent, guardian, custodian or person in a position of trust to a child; parent, guardian, custodian or person in a position of trust allowing sexual abuse to be inflicted upon a child; displaying of sex organs by a parent, guardian, or custodian); W. Va. Code § 61-8D-6 (sending, distributing, exhibiting, possessing, displaying or transporting material by a parent, guardian or custodian, depicting a child engaged in sexually explicit conduct); W. Va. Code § 61-2-14(a) (abduction of person; kidnapping or concealing child); W. Va. Code § 61-8-6 (detention of person in place or prostitution); W. Va. Code § 61-8-7 (procuring for house of prostitution); W. Va. Code § 61-8-12 (incest); W. Va. Code § 61-8-13 (incest; limits on interviews of children eleven years old or less); W. Va. Code § 61-3C-14b (soliciting, etc. a minor via computer; soliciting a minor and traveling to engage the minor in prohibited sexual activity); W. Va. Code § 61-14-2 (human trafficking of an

Additionally, West Virginia Code §15-12-2(c) (eff. 2018) provides that "[a]ny person who has been convicted of a criminal offense where the sentencing judge made a written finding that the offense was sexually motivated shall also register as set forth in this article."

Mr. Conn contends that the certified question can be answered by simply applying the plain language of the Act. According to Mr. Conn, the Act explicitly defines "qualifying offense" as any of the crimes listed in West Virginia Code § 15-12-2(b). *See supra* W. Va. Code §15-12-2(b). He argues that, because there is no reference to his crime—attempt to commit assault during the commission of a felony, located at West Virginia Code § 61-2-10—then he has not committed a "qualifying offense" under the Act. Mr. Conn maintains that he was required to register as a sex offender not because he committed a "qualifying offense," but because of the circuit court's written findings that his offense was sexually motivated. He contends that, by definition, a registration requirement predicated on a written finding arises under West Virginia Code § 15-12-2(c), and not under West Virginia Code § 15-12-2(b), the latter of which enumerates the "qualifying offenses."

The State acknowledges that "attempt to commit an assault during the commission of a felony," as proscribed in West Virginia Code § 61-2-10 (eff. 1882), is not

individual; aiding and abetting human trafficking); W. Va. Code § 61-14-5 (sexual servitude); and W. Va. Code § 61-14-6 (patronizing a victim of sexual servitude).

a "qualifying offense" specified in the Act. However, the State contends that the underlying felony—third degree sexual assault—needs to be examined because Mr. Conn's statutory offense of attempt does not exist in a vacuum. In that regard, the State argues that because Mr. Conn's conviction of attempt to commit an assault during the commission of a felony is inextricably linked to one of the qualifying offenses under the Act, he must be required to register as a sex offender for life. The State maintains that requiring Mr. Conn to register as a sex offender for life under these circumstances comports with the Legislature's intent when it enacted the registration requirements. We agree.

This Court has recognized that "[t]he crime of attempt does not exist in the abstract but rather exists only in relation to other offenses." *State v. Starkey*, 161 W. Va. 517, 522 n.2, 244 S.E.2d 219, 223, n.2 (1978), *overruled on other grounds by State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995) (citing W. LaFave & A. Scott, *Handbook on Criminal Law* 49 (1972)). *See also United States v. Dozier*, 848 F.3d 180, 185 (4th Cir. 2017) ("However, we note a unique complexity of general attempt statutes: they do not set forth a standalone crime. . . . It would therefore be imprudent to analyze the statutory language . . . in complete isolation."); *State v. James F.*, No. 15-0194, 2016 WL 2905508, at *3 (W. Va. May 18, 2016) (memorandum decision) ("[T]he [attempt] statute establishes the punishment for attempting, unsuccessfully, to commit some crime specified elsewhere in the code[.] . . . An 'attempt crime' is inextricably linked to the offense that was attempted.").

11

Based upon our examination of the Act and this Court's body of caselaw, we conclude that Mr. Conn did commit a "qualifying offense" that requires him to register as a sex offender for life. As the State correctly stated, there is an inextricable link between the crime of "attempt to commit an assault during the commission of a felony" and the underlying felony committed. While we acknowledge that "attempt to commit an assault during the commission of a felony" under West Virginia Code § 61-2-10 is not specifically enumerated as a "qualifying offense" under the Act, the analysis cannot stop there. Rather, the inquiry is twofold, and we must take the next step in the analysis: What felony was Mr. Conn in the process of committing when he was *attempting to commit an assault*?

Basic criminal law says that no conviction is possible unless every element is proved beyond a reasonable doubt. *See* Syl. pt. 1, in part, *Jones v. Warden, W. Va. Penitentiary*, 161 W. Va. 168, 241 S.E.2d 914 (1978) ("In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged[.]"). Under West Virginia Code § 61-2-10, the actus reus of "assault during the commission of a felony" is to "shoot, stab, cut or wound another person," and the attendant circumstance is that the assault occur during "the commission of, or attempt to commit[,] a felony." *See* W. Va. Code § 61-2-10. Both the actus reus and the attendant circumstances are elements of the crime.

Accordingly, Mr. Conn entered an *Alford/Kennedy* plea to attempted assault during the commission of a felony. *See* W. Va. Code § 61-2-10. The underlying felony

offense to which Mr. Conn's conviction of attempted assault is inextricably intertwined is third degree sexual assault pursuant to West Virginia Code § 61-8B-5 (eff. 2000). The State's proffer at Mr. Conn's plea hearing made clear that, had the matter gone to trial, the State would have produced evidence to show "that on or about August the 20th, 1997, . . . the defendant, Michael Conn, did actually have intercourse with a juvenile, [T.E.], who was under the age of sixteen . . . [, that there was] more than four years difference between their ages, and Mr. Conn being twenty-two[.]"[7] A review of the Act clearly shows that convictions pursuant to West Virginia Code § 61-8B-5 are explicitly enumerated as "qualifying offenses." *See supra* W. Va. Code § 15-12-2(b)(2). *See, e.g.*, *State v. Penwell*, 199 W. Va. 111, 116, 483 S.E.2d 240, 245 (1996) ("[I]t is readily apparent that it would not be possible under W. Va. Code § 61-2-10 to prove an assault in the commission of, or attempt to commit, the felony of aggravated robbery without proving each and every element of the commission of, or attempt to commit, the crime of aggravated robbery.").

From this, it must be concluded that Mr. Conn could not have been convicted of "attempt to commit assault during the commission of a felony" unless he was also guilty of committing, or attempting to commit, a felony. In this case, the felony referenced by "during the commission of a felony" was determined to be sexual assault in the third degree, which is explicitly enumerated as a "qualifying offense" in West Virginia Code

---

[7] This proffer, made by the State at the 2006 hearing, "was not objected to or contested in any way by [Mr. Conn.]"

§ 15-12-2(b)(2). Therefore, based on the foregoing, we conclude that Mr. Conn is required to be a lifetime registrant because he *was* convicted of a qualifying offense.

## IV.

## CONCLUSION

For the reasons set forth above and based upon all of the foregoing, we answer the reformulated certified question from the Circuit Court of Cabell County as follows:

> Is Mr. Conn's 1998 conviction—"Attempt to Commit an Assault during the Commission of a Felony," under West Virginia Code § 61-2-10, the underlying felony being a violation of West Virginia Code § 61-8B-5(2), third degree sexual assault, when he had intercourse with a juvenile under the age of sixteen when he was twenty-two years of age—a qualifying offense under the West Virginia Sex Offender Registration Act, West Virginia Code § 15-12-1 et seq., which would require Mr. Conn to become a registered sex offender for life?
>
> Answer: *Yes.*

The certified question having been reformulated and answered, this case is dismissed from the docket of this Court and remanded to the circuit court for proceedings consistent with this opinion.

Certified question answered.

14